KLINE & SPECTER, PC

ATTORNEYS AT LAW

THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

———

215-772-1000

Charles L. Becker, Esquire
Direct Dial (215) 772-1394
Charles.becker@klinespecter.com

May 17, 2024

Ms. Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

    Re:   *Schaffner v. Monsanto Co.*, No. 22-3075
           Rule 28(j) Notice of Supplemental Authority

Dear Ms. Dodszuweit:

Plaintiffs respectfully notify the Court that the Eleventh Circuit has denied Monsanto's petition for rehearing en banc in *Carson v. Monsanto Company*:

> PER CURIAM:
> The Petition for Rehearing En Banc is DENIED, no judge in regular active service on the Court having requested that the Court be polled on rehearing en banc. FRAP 35. The Petition for Rehearing En Banc is also treated as a Petition for Rehearing before the panel and is DENIED. FRAP 35, IOP 2.

Order, entered May 8, 2024 (attached).

This denial leaves in place the Eleventh Circuit's precedential opinion in *Carson v. Monsanto Co.*, 92 F.4th 980 (11th Cir. 2024). *Carson* holds that:

- express preemption is unavailable under a straightforward reading of *Bates* and FIFRA, given that Georgia law does not impose duties that are additional to or different from FIFRA's requirement;

- FIFRA registration does not trigger express preemption;

- *Riegel* does not support preemption given the differences between FIFRA's and the Medical Device Amendments' statutory schemes, the rigorous nature of pre-market approval for medical devices, and Congress' decentralized scheme in FIFRA that preserves a broad role for state regulation;

- the EPA has not taken any action relating to glyphosate that would support express preemption including under a force-of-law analysis; and

- the EPA has not taken any action relating to glyphosate that would support implied preemption either, especially given the demanding "impossibility" standard described in *Mensing* and other U.S. Supreme Court decisions.

The Ninth Circuit rejected Monsanto's preemption arguments in *Hardeman v. Monsanto Co.* 997 F.3d 941 (9th Cir. 2021). The Eleventh Circuit likewise has rejected them in *Carson*. This Court should do the same.

Respectfully submitted,

*Charles L. Becker*

Charles L. Becker

cc: All counsel of record

## **CERTIFICATE OF SERVICE**

I hereby that, on this date, I caused the foregoing document to be served on all counsel of record through the Court's CM/ECF system.

                                        /s/ Charles L. Becker
                                        Charles L. Becker

Dated: May 17, 2024

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-10994

_____

JOHN D. CARSON,

                                                          Plaintiff-Appellant,

*versus*

MONSANTO COMPANY,

                                                           Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cv-00237-RSB-CLR

_____

ON PETITION(S) FOR REHEARING AND PETITION(S) FOR REHEARING EN BANC

2                              Order of the Court                           21-10994

Before ROSENBAUM, TJOFLAT, Circuit Judges, and MOODY,* District Judge.

PER CURIAM:

    The Petition for Rehearing En Banc is DENIED, no judge in regular active service on the Court having requested that the Court be polled on rehearing en banc. FRAP 35. The Petition for Rehearing En Banc is also treated as a Petition for Rehearing before the panel and is DENIED. FRAP 35, IOP 2.

---

* The Honorable James S. Moody, Jr. United States District Judge for the Middle District of Florida, sitting by designation.