No. 22-3075

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

DAVID SCHAFFNER, JR. and
THERESA SUE SCHAFFNER
*Plaintiffs-Appellees,*

v.

MONSANTO COMPANY,
*Defendant-Appellant.*

On Appeal from the United States District Court for the
Western District of Pennsylvania,
No. 2:19-cv-1270-CRE (Eddy)

# MOTION FOR LEAVE TO FILE AMICUS BRIEF
# IN SUPPORT OF APPELLEES' PETITION FOR
# PANEL REHEARING OR REHEARING EN BANC

Leah M. Nicholls
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
LNicholls@publicjustice.net

*Counsel for Amicus Curiae*

# DISCLOSURE STATEMENT

In accordance with Rule 26.1(a) of the Federal Rules of Appellate Procedure and Third Circuit Rule 26.1, the undersigned certifies that there is no publicly traded company or corporation with an interest in the outcome of this case that has not already been disclosed to this Court.

September 19, 2024             */s/ Leah M. Nicholls*
                                                          Leah M. Nicholls

# MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF APPELLEES' PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Public Justice moves for leave to file the attached proposed amicus curiae brief in support of Appellees' Petition for Panel Rehearing or Rehearing En Banc pursuant to Federal Rule of Appellate Procedure 29(b). No party opposes this motion.

Public Justice is a national public interest advocacy organization specializing in precedent-setting and socially significant civil litigation that is dedicated to preserving access to the civil justice system. Public Justice has a long history of fighting federal preemption in cases involving dangerous products. As part of that work, Public Justice was co-lead counsel in *Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022), which affirmed a $25 million judgment in favor of a man who contracted non-Hodgkin's lymphoma from Roundup. *Hardeman* addressed the same preemption questions at issue in this case and reached the opposite conclusion as the panel here, holding that the plaintiff's state-law claims regarding cancer warnings on Roundup were *not* preempted by federal law. Public Justice has a strong interest in preserving the rights of all persons who have been injured by Roundup—and other dangerous products—to obtain justice via the tort system.

Given its longstanding interest in this issue, Public Justice filed an amicus brief in this case when it was heard before the panel. The proposed amicus brief in support of rehearing would be useful to the Court and relevant to the question whether rehearing en banc is warranted because it addresses how the panel decision conflicts with the Supreme Court's holding in *Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005), in substantially greater depth than the petition for panel rehearing or rehearing en banc.

Further, the proposed amicus brief would also be useful to the Court because it explains why the panel's policy justification—that preemption is warranted in the interest of national uniformity—is contrary to Congress' intent in enacting the regulatory regime. Instead, the regulatory structure envisions a robust role for state tort law that would be undercut by the panel's overly broad view of preemption. The petition for panel rehearing and rehearing en banc does not squarely address that issue.

For these reasons, Public Justice urges the Court grant its motion for leave to file its proposed amicus brief in support of the Appellees' Petition for Panel Rehearing or Rehearing En Banc.

September 19, 2024                    Respectfully Submitted,

                                      <u>*/s/ Leah M. Nicholls*</u>
                                      Leah M. Nicholls
                                      PUBLIC JUSTICE
                                      1620 L Street NW, Suite 630
                                      Washington, DC 20036
                                      (202) 797-8600
                                      LNicholls@publicjustice.net

                                      *Counsel for Amicus Curiae*

## COMBINED CERTIFICATIONS

*Bar membership.* I am a member of the bar of the United States Court of Appeals for the Third Circuit.

*Word limit.* This document complies with the type volume requirements of Fed. R. App. P. 27(d)(2) because it contains 408 words as calculated with the word-counting feature of Microsoft Office.

*Typeface and typestyle.* This document complies with the typeface and typestyle requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in 14-point Times New Roman font, which is a proportionally spaced typeface.

*Identical copies.* The text of the electronic brief is identical to the text in the paper copies.

*Virus check.* The electronic brief has been scanned for viruses with Bitdefender Endpoint Security software. No virus was detected by the software.

September 19, 2024     */s/ Leah M. Nicholls*
Leah M. Nicholls

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via the Court's electronic case management system upon all counsel of record.

September 19, 2024

*/s/ Leah M. Nicholls*
Leah M. Nicholls

*Counsel for Amicus Curiae*